# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DION EDWARD RIDDLE, #288058,** | : |
| **Plaintiff,** | : |
| vs. | :    CIVIL ACTION 21-0343-JB-N |
| **ALABAMA DEPARTMENT OF CORRECTIONS,** *et al.*, | : |
| | : |
| **Defendants.** | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that, prior to service of process, the claims against Defendants former-Warden Mary Cooks, Captain Knight, Classification Specialist Huffman, Classification Specialist Nelson, and Captain Banks be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. However, the claims again Defendants C.O. Hall, Lieutenant K. Albritton, and C.O. Stewart will proceed in this action.[1]

### I. Nature of Proceedings.

Plaintiff's original complaint (Doc. 1) was screened by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B). During its screening, the Court determined that it violated

---

[1] The claims against Defendants Hall, Albritton, and Stewart concern the use of excessive force.

Rule 20(a)(2) of the Federal Rules of Civil Procedure. (Doc. 11, PageID.86). The Court found that the complaint contained numerous unrelated claims. (*Id.* at 2-3, PageID.87-88). As a result, Plaintiff was ordered to file an amended complaint containing one claim, along with any claims that were closely related to it, in order to comply with Rule 20(a)(2). (*Id.* at 4, PageID.89). Plaintiff was also provided pleading directives for stating a claim under § 1983 (*id.* at 5-7, PageID.90-92) and was ordered not to rely on his original complaint. (*Id.* at 4, PageID.89).

Plaintiff filed an amended complaint (Doc. 12, PageID.93) and, like the original complaint, it is extremely difficult to read, a fact which the Court previously brought to Plaintiff's attention. (Doc. 11 at 2, PageID.87). As best the Court can discern, on or about January 11 or 12, 2021, Plaintiff was "hand pushed" and slammed (Doc. 12 at 4, PageID.97; Doc. 12-2 at 2, PageID.105), which caused him to lose a tooth. (*Id.* at 5-6, PageID.97-98). For which, he seeks $10,000 from each Defendant for using excessive force "in retaliation," thereby violating federal, state, and local laws and ADOC (Alabama Department of Corrections) policies and regulations. (*Id.* at 7, PageID.99).

In the amended complaint, Plaintiff alleges that Defendant Captain Banks said that she would call the I & I Division[2], but she did not, and therefore Plaintiff was retaliated against and lost his tooth. (Doc. 12-1 at 1, PageID.101). He further alleges that when he was reclassified, he informed Defendants former-Warden Mary

---

[2] The Court understands I & I Division to be the Investigation and Intelligence Division of the Alabama Department of Corrections. *Smith v. Ala. Dep't of Corr.*, 2020 WL 6140742, at *1 (M.D. Ala. 2020) (unpublished).

Cooks, Captain Knight, Classification Specialist Huffman, and Classification Specialist Nelson about "this matter" and of him "being retaliated upon" and that the I & I Division or Defendant Banks needed to be contacted to see if Defendant Banks had contacted I & I Division. (*Id.*). This is the reason, he claims, that he put Captain Banks down as a witness for his reclassification hearing last December. (*Id.*). Plaintiff asserts that this "is the solo reason that [he] did lose [his] tooth due to excessive force," even though he "was in compliance[] and followed all orders." (*Id.*). He then asks, "[ ]Can you understand[ ]?" (*Id.*; *see also* Doc. 12-2 at 2-4, PageID.105-07).

Plaintiff explains "retaliation" is the result of him reporting to the A.D.A. Specialist about Sgt. McAuther collecting money from inmates to buy free-world ice. (*Id.* at 2, PageID.105). In the following sentence, Plaintiff wrote that in 2016 he previously received a disciplinary for being possession of $10.00 in cash, which was then placed in his ADOC escrow account at Red Eagle Honor Farm. (*Id.*). No explanation was offered for this statement. Thus, the Court deduces that because he was disciplined for possessing cash, he thinks that similar conduct should be reported and disciplined. Plaintiff alleged that the A.D.A. specialist and Defendant Banks told him that they would report this matter to the I & I Division, but they failed to report this matter. (*Id.*). "All other matters were of retaliation upon [him] for reporting such illicit matters." (*Id.* at 3, PageID.106). During his reclassification hearing, which resulted in his transfer away from Loxley Work Center, he informed Defendants former-Warden Mary Cooks, Captain Knight, Classification Specialist

Huffman, and Classification Specialist Nelson about this matter. (*Id.*). (Even though Plaintiff lists as Defendants former-Warden Mary Cooks, Captain Knight, Classification Specialist Huffman, Classification Specialist Nelson, and Captain Banks, he also lists them as witnesses. (Doc. 12-3 at 2, PageID.111)).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 12) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to

'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). The court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Discussion.

Plaintiff's allegations against Defendants former-Warden Mary Cooks, Captain Knight, Classification Specialist Huffman, Classification Specialist Nelson, and Captain Banks do not convey a clear claim. However, analyzing his allegations according to the elements that all § 1983 claims must satisfy, Plaintiff has failed to state a claim upon which relief can be granted.

To state a claim under § 1983, Plaintiff must establish that "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the

Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff's allegations do not reflect that a constitutional or federal right was violated by these Defendants. The Constitution or federal law does not require a state official, like Captain Barnes, to report a violation of an unidentified prison regulation. A violation of a state agency's regulation by a state actor typically does not rise to the level of a constitutional violation. *See Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525, 1527 (11th Cir. 1987) ("[E]ven if the state statute has been violated, that does not prove a violation of a federal constitutional right."); *Smith v. Georgia*, 684 F.2d 729, 732 n.6 (11th Cir. 1982) ("Not every violation of a state agency of its own rules rises to the level of a due process infringement.").

Turning to Defendants former-Warden Mary Cooks, Captain Knight, Classification Specialist Huffman, and Classification Specialist Nelson, they apparently conducted a classification hearing. Plaintiff believes that they "should have contacted I & I themsel[ves] d[ue] to the viceness [sic] of this matter." (Doc. 12-1 at 1, PageID.101). Again, a violation of the Constitution or federal law has not be stated. Failing to investigate an inmate's complaint does not rise to the level of a separate constitutional violation. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (finding there is no constitutional right to an investigation of an excessive force claim); *Mallory v. Hetzel*, 2016 WL 5030469, at *14 (M.D. Ala. 2016) ("Inmates simply do not enjoy a constitutional right to an investigation of any kind by government officials."). Thus, if an inmate has no constitutional right to an investigation, then it follows that officials did not violate a constitutional or federal right by not reporting

information to an investigative body to investigate.

Furthermore, Plaintiff's claims against Defendants former-Warden Mary Cooks, Captain Knight, Classification Specialist Huffman, Classification Specialist Nelson, and Captain Banks abut other areas of law where an interest has been denied as rising to the level of a constitutional or federal right. *See, e.g., Sandin v. Conner,* 515 U.S. 472, 486, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995) ("We hold that [the plaintiff's] discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."); *Kramer v. Donald,* 286 F. App'x 674, 676 (11th Cir. 2008) (There "is no constitutionally protected liberty interest in being classified at a certain security level[.]" (citing *Moody v. Daggett,* 429 U.S. 78, 88 n.9, 97 S.Ct. 274, 279 n.9, 50 L.Ed.2d 236 (1976)); *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) ("Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. . . . That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules."); *Fletcher v. Stewart,* 2017 WL 1030115, at *3 (S.D. Ala. 2017) (unpublished) (holding that being returned to an institution from work release did not violate Constitution); *cf. Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300 ("[In the future, liberty interests] will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by

the Due Process Clause of its own force. . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.")

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that the claims against Defendants former-Warden Mary Cooks, Captain Knight, Classification Specialist Huffman, Classification Specialist Nelson, and Captain Bank be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in

the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 11th day of April 2022.

*/s/ Katherine P. Nelson*
**UNITED STATES MAGISTRATE JUDGE**
