# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DION EDWARD RIDDLE, ) | |
| AIS # 288058, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:21-00343-JB-N |
| ) | |
| ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, *et al.*, ) | |
|    Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff Dion Riddle's self-styled "Motion to Drop All Matters"[1] (Doc. 33), which the undersigned construes as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). Plaintiff's motion states his desire to "drop and/or to dismiss" the present action for a myriad of reasons as articulated therein. (*See* Doc. 33).

Riddle – an Alabama inmate proceeding *pro se* and *in forma pauperis* ("IFP") – initiated the present action by filing a complaint pursuant to 42 U.S.C. § 1983 in this Court on July 29, 2021.[2] (Doc. 1). IFP status was granted by order dated September 2, 2021 (Doc. 6), and Riddle's complaint was then screened pursuant to 28 U.S.C. § 1915(e)(2)(B). After noting deficiencies with his complaint, the undersigned

---

[1] The assigned District Judge has referred this motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b) (2/6/2023 elec. ref.).

[2] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

instructed Riddle to file an amended complaint. (*See* Doc. 11). Riddle timely complied, filing an amended complaint dated December 24, 2021. (Doc. 12, PageID.99).

Upon review of Riddle's amended complaint, the undersigned entered a Report and Recommendation ("R&R") which recommended several defendants named therein be dismissed. (Doc. 14). No objections were filed, and the R&R was adopted as the opinion of the Court on May 3, 2022 (Doc. 15), with judgment being entered as to those now-dismissed defendants the same day. (Doc. 16). Two days later, on May 5, 2022, the undersigned entered an order directing that the remaining defendants – Lieutenant Kayla Albritton and Correctional Officers Raynard Hall and Robert Stewart – be served. (Doc. 17). A series of procedural steps and extensions then ensued, which culminated with the filing of an Answer and Special Report by Albritton, Stewart and Hall on December 6, 2022. (Docs. 31, 32). Riddle filed the present motion for voluntary dismissal on January 25, 2023. (Doc. 33).

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order," if a motion for and/or notice of voluntary dismissal is filed after an answer or motion for summary judgment has been filed by the opposition. Thus, because Defendants Albritton, Stewart and Hall filed their Answer and Special Report prior to Riddle filing his motion for voluntary dismissal, his request can only be effectuated by court order. Accordingly, the undersigned **RECOMMENDS** that Dion Riddle's motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) be **GRANTED** and that Riddle's amended complaint dated December 24, 2021 (Doc. 12), be **DISMISSED without prejudice**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of February 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**